THE CASSAR LAW FIRM, P.C.
By: Christopher J. Cassar, Esq.
Attorneys for Plaintiff
13 East Carver Street
Huntington, New York 11743
(631) 271-6596
cjcassar@cassarlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X    Docket No.:
FRANCIS J. HAND, III,

                Plaintiff,                                  **COMPLAINT**

    -against-

CITY OF LONG BEACH,
LONG BEACH POLICE DEPARTMENT,
POLICE OFFICER JOHN LEDDY,
POLICE OFFICER RYAN KRAEMER, and
NASSAU COUNTY,

                Defendants.
-----------------------------------------------------------------X

        The Plaintiff, FRANCIS J. HAND, III, through his attorneys, THE CASSAR LAW FIRM, P.C., as and for his Complaint against Defendants respectfully alleges that he was deprived his civil rights and sustained injury because of the deprivations of his civil rights as follows:

**I.**
**INTRODUCTION**

    1.    The Defendants conspired to deprive the Plaintiff, Francis J. Hand, III, of his civil rights and sustained injury because of the deprivations of his civil rights. The Defendants falsely arrested the Plaintiff for several criminal charges and falsely prosecuted the Plaintiff, FRANCIS J. HAND, III, for several criminal charges he did not commit.

2. The Defendants, Police Officer John Leddy, and Police Officer Ryan Kraemer, prepared approximately thirteen (13) false accusatory instruments with accompanying supporting depositions alleging that the Plaintiff, Francis J. Hand, III, committed crimes and filed these false accusatory instruments with Long Beach City Court.

3. On October 17, 2023, the Defendant, Police Officer John Leddy, falsely arrested the Plaintiff, Francis J. Hand, III.

4. On or about October 18, 2023, the Plaintiff, Francis J. Hand, III, appeared in Justice Court in the City of Long Beach and was arraigned on the accusatory instruments and plead not guilty.

5. On or about February 15, 2025, the Plaintiff, Francis J. Hand, III, was found not guilty of all criminal charges.

6. As a result, Plaintiff, Francis J. Hand, III, has suffered and continue to suffer harm, including but not limited to, damage to his reputations, severe emotional distress, and embarrassment and humiliation for which he is entitled to recover damages.

## II.
## PARTIES

7. At all times pertinent to the allegations of this Complaint, the Plaintiff, Francis J. Hand, III, is a citizen of the United States, resident of the State of New York.

8. At all times pertinent to the allegations of this Complaint, the Defendant, City of Long Beach, is a municipal corporation within the County of Nassau, State of New York and formed for the purpose of exercising such powers and discharging such duties of local government and administration of public affairs as have been conferred or imposed upon it by law.

9. The Defendant, Long Beach Police Department, is a public agency created under the laws of the State of New York with geographical jurisdiction with the Defendant, City of Long Beach.

10. At all times pertinent to the allegations of this Complaint, the Defendant, Police Officer John Leddy, is and was a Police Officer employed by the Defendant, City of Long Beach, and the Defendant, Long Beach Police Department, and was at all times acting within the scope of his employment and under color of state law.

11. At all times pertinent to the allegations of this Complaint, the Defendant, Police Officer Ryan Kraemer, is and was a Police Officer employed by the Defendant, City of Long Beach, and the Defendant, Long Beach Police Department, and was at all times acting within the scope of his employment and under color of state law.

12. The Defendant, Nassau County, is a governmental body created under the New York State Constitution and New York State Law.

## III.
## JURISDICTION AND VENUE

13. This is an action for damages for unlawful violation of civil rights under 42 U.S.C.A. §1983 and Jurisdiction is invoked under 28 U.S.C.A. § 1331.

14. Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants are subject to personal jurisdiction in this District at the time this action is commenced.

## IV.
## FACTS AND CIRCUMSTANCES

15. On October 17, 2023, at 1936 Lincoln Boulevard and East Broadway in the City of Long Beach, Nassau County, New York, the plaintiff was arrested by the defendants for the following criminal offenses:

(i) Operating a Motor Vehicle While Under the Influence of Alcohol in violation of the Vehicle & Traffic Law of the State of New York, Section 1192 (3) as a D Felony [Driving While Intoxicated with two (2) priors DWI convictions within last ten (10) years];

(ii) Aggravated Unlicensed Operation of a Motor Vehicle in The Third Degree, in violation of Vehicle & Traffic Law of the State of New York Section 511-1 as A Misdemeanor;

(iii) Aggravated Unlicensed Operation of a Motor Vehicle in the Second Degree, in violation of Vehicle & Traffic Law of the State of New York Section 511-2(a)(ii) as a Felony;

(iv) Aggravated Unlicensed Operation of a Motor Vehicle in the First Degree, in violation of Vehicle & Traffic Law of the State of New York Section 511.3 (a)(i) as a Felony;

(v) Obstruction for Governmental Administration in violation of Penal Law 195.05 of the State of New York;

(vi) Operating a Motor Vehicle While the Registration was Revoked in violation of Vehicle & Traffic Law of the State of New York Section 512;

(vii) Driving a Motor Vehicle on the Sidewalk in violation of Vehicle & Traffic Law of the State of New York Section 1225A;

(ix) Driving a Motor Vehicle as an Unlicensed Operator in violation of Vehicle & Traffic Law of the State of New York Section 509; and

(x) Operating a Motor Vehicle without insurance in violation of Vehicle & Traffic Law of the State of New York Section 319 (1) (U).

16. In or about December 18, 2023, the Nassau County District Attorney's Office presented this case to a grand jury and the grand jury indicted the plaintiff for the following criminal offenses:

(i) Operating a Motor Vehicle While Under the Influence of Alcohol in violation of the Vehicle & Traffic Law of the State of New York, Section 1192 (3) as a Misdemeanor;

(ii) Aggravated Unlicensed Operation of a Motor Vehicle in The Third Degree, in violation of Vehicle & Traffic Law of the State of New York Section 511-1 as a Misdemeanor;

(iii) Aggravated Unlicensed Operation of a Motor Vehicle in the Second Degree, in violation of Vehicle & Traffic Law of the State of New York Section 511-2(a)(ii) as a Felony;

(iv) Aggravated Unlicensed Operation of a Motor Vehicle in the First Degree, in violation of Vehicle & Traffic Law of the State of New York Section 511.3 (a)(i) as a Felony;

17. Between October 17, 2023 and February 15, 2025, the Nassau County District Attorney's Office prosecuted the plaintiff for the criminal charges.

18. After a bench trial in the Nassau County Supreme Court, the plaintiff was found not guilty as to all charges because the judge found that the plaintiff was not operating a motor vehicle.

19. At no time, did any member of the Nassau County District Attorney's Office investigate the allegations against the plaintiff.

## V.
## AS AND FOR A FIRST CAUSE OF ACTION
## (42 USC 1983 – False Arrest)

20. The Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

21. The Defendants have deprived the Plaintiff of his civil, constitutional, and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

22. The Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely arrested by Defendants.

23. The Defendants unreasonably and unjustifiably confined Plaintiff.

24. The Plaintiff did not consent to his confinement.

25. The confinement was not privileged.

26. The Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## VI.
## AS AND FOR A SECOND CAUSE OF ACTION
### (42 USC 1983 – Equal Protection)

27. The Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

28. The Defendants have deprived the Plaintiff of his right to Equal Protection under the Fourteenth Amendment to the United States Constitution provides that "no state shall * * * deny to any person within its jurisdiction the equal protection of the laws."

29. The Defendants have required the Equal Protection constitutional provision from disparity in treatment, by a state or its subdivisions, between classes of individuals who are similarly situated.

30. The Defendants deprived the Plaintiff of the Equal Protection constitutional provision by from disparity in treatment between classes of individuals who are similarly situated.

31. The right to Equal Protection prohibition applies to political subdivisions of the states as well as to their officers and employees since their acts are deemed those of the state.

32. The Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## VII.
## AS AND FOR A THIRD CAUSE OF ACTION
## 42 U.S.C. § 1983 MONELL CLAIM

33. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

34. The Defendants, City of Long Beach, County of Nassau, and the Long Beach Police Department, by and through its final policymakers, had in force and effect a policy, practice or custom of subjecting individuals to unlawful arrest, and of creating false documents to justify an unlawful arrest by its officers.

35. The Defendants used unlawfully used their power as law enforcement officers to arrest and charge the Plaintiff because the law enforcement connection between the Defendant, Robert Furbeck, and the other Defendants.

36. The Defendants intentionally participated in the unlawful arrest of the plaintiff and unlawful commencement of offenses against the Plaintiff in criminal court.

37. The Defendants intentionally authorized in the unlawful arrest of the plaintiff and unlawful commencement of offenses against the Plaintiff in criminal court.

38. The Defendants were authorized by policymakers in the unlawful arrest of the plaintiff and unlawful commencement of offenses against the Plaintiff in criminal court when this unconstitutional conduct occurred.

39. The Defendants' actions and conduct represent official government policy against the Plaintiff.

40. The Defendants, City of Long Beach, County of Nassau, and the Long Beach Police Department, by and through its final policymakers, failed to adequately hire their employees to ensure that suspects would not be subjected to unlawful arrest.

41. The Defendants, City of Long Beach, County of Nassau, and the Long Beach Police Department, by and through its final policymakers, failed to adequately supervise their employees to ensure that suspects would not be subjected to unlawful arrest and prosecution.

42. The Defendants, City of Long Beach, County of Nassau, and the Long Beach Police Department, by and through its final policymakers, failed to adequately train their employees to ensure that suspects would not be subjected to unlawful arrest and prosecution.

43. The Defendants, City of Long Beach, County of Nassau, and the Long Beach Police Department, by and through its final policymakers, failed to adequately discipline its employees who subjected individuals to unlawful arrest and prosecution.

44. Though it was foreseeable that constitutional violations of the type Plaintiff suffered would be a predictable result of such failures, Defendants did not rectify the problem, did not investigate, and did not institute better hiring standards and procedures, better training programs, better supervision, did not institute proper disciplinary procedures, and wholly lacked in their responsibilities to insure that their officers were acting in a constitutionally justified manner, understood what their responsibilities were to act in such manner, were trained to act in such a constitutionally proper way and were disciplined if they did not act as required.

45. Such municipal customs, practices and/or policies, and such failures in hiring, training, supervising, and disciplining its officers, amounted to deliberate indifference to the constitutional rights of individual suspects like Plaintiff and caused Plaintiff to suffer this unjustified unlawful arrest and prosecution and all the ongoing injuries and damages set forth above.

46. The Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## VIII.
## AS AND FOR A FOURTH CAUSE OF ACTION
## 42 U.S.C. § 1983 SUPERVISORY LIABILITY

47. Plaintiff repeats and re-alleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

48. The Defendants, City of Long Beach, County of Nassau, and the Long Beach Police Department, by and through its supervisory officers, acting deliberately, recklessly and under color of law, were, at the relevant times, supervisory personnel with the Defendants, City of Long Beach, County of Nassau, and the Long Beach Police Department, with oversight responsibility for training, hiring, screening, instruction, supervision, and discipline of police officer Defendants who deprived Plaintiff of his clearly established constitutional rights.

49. The Defendants, City of Long Beach, County of Nassau, and the Long Beach Police Department, by and through its supervisory officers were personally involved in both the deprivation of Plaintiff's constitutional rights and in creating and/or condoning the policy and/or custom of failing to take preventative and remedial measures to guard against such constitutional deprivations.

50. The Defendants, City of Long Beach, County of Nassau, and the Long Beach Police Department, by and through its supervisory officers were reckless in their failure to supervise police officer Defendants, and either knew, personally participated in and/or should have known that Defendant officers were using unlawful arrest and prosecution.

51. These supervisory Defendants knew or in the exercise of due diligence would have known that the conduct of the Defendants against Plaintiff was likely to occur.

52. The failure of these supervisory Defendants to train, supervise and discipline the named individual Defendants amount to gross negligence, deliberate indifference or intentional misconduct which directly caused the injuries and damages set forth above.

53. The Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## IX.
## AS AND FOR A SEVENTH CAUSE OF ACTION
## 42 U.S.C. § 1983 FAILURE TO INTERVENE

54. Plaintiff repeats and re-alleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

55. That the Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the individual Defendants.

56. That there exists a duty for Defendants to intervene to prevent the violation of civil rights taking place in their presence when there is a reasonable opportunity to do so.

57. An opportunity to intervene to prevent the violation of civil rights existed for the Defendants in the instant case.

58. That the Defendants, by failing in their affirmative duty to intervene are responsible for the violations of the Plaintiff's Fourth and Fourteenth Amendment rights.

59. That by reason of the failure to intervene the Plaintiff suffered injuries and damages as set forth above.

## X.
## JURY DEMAND

60. Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

WHEREFORE, Plaintiff prays as follows:

i. That the Court award compensatory damages to them and against the Defendants, jointly and severally, in an amount to be determined at trial;

ii. That the Court award punitive damages to them, and against all individual Defendants, in an amount to be determined at trial, that will deter such conduct by Defendants in the future;

iii. That an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988; and

iv. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: Huntington, New York
       July 11, 2025

Yours, etc.,

THE CASSAR LAW FIRM, P.C.
/s/ *Christopher J. Cassar, Esq.*
By: Christopher J. Cassar, Esq.
Attorneys for the Plaintiff
13 East Carver Street
Huntington, New York 11743
(631) 271-6596
cjcassar@cassarlaw.com
Cassar File No: 05535

## CERTIFICATION FOR COMPLAINT

STATE OF NEW YORK)
                  ) ss:
COUNTY OF SUFFOLK)

FRANCIS J. HAND, III, being duly sworn, deposes and says:

That I am a PLAINTIFF in the within action; I have read the forgoing COMPLAINT and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: discussions, letters, and records of the PLAINTIFF.

*Francis J. Hand, III*
FRANCIS J. HAND, III

Sworn to before me this
11th day of July 2024

_____
Notary Public

STACEY E. SONNELITTER
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SO0011894
Qualified in Niagara County
My Commission Expires 08-11-2027

